J-S25002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDONE JOHNSON | : | |
| | : | |
| Appellant | : | No. 576 WDA 2017 |

Appeal from the Judgment of Sentence March 9, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004903-2016

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 09, 2018**

Appellant, Brandone Johnson, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his jury trial convictions for second degree murder, robbery, and criminal conspiracy.[1] We affirm.

The trial court opinion accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.

Appellant raises one issue for our review:

> DID THE [TRIAL] COURT ABUSE ITS DISCRETION IN FINDING THAT THE VERDICT WAS NOT AGAINST THE WEIGHT OF THE EVIDENCE INSOFAR AS THE TESTIMONY FROM THE VICTIM AND THE CODEFENDANTS WAS INHERENTLY UNRELIABLE AND INCREDIBLE THAT THE FINDING OF GUILT IN THIS CASE WAS A PRODUCT OF MERE CONJECTURE AND SURMISE?

---

[1] 18 Pa.C.S.A. §§ 2501, 3701(a)(1)(i), and 903, respectively.

(Appellant's Brief at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donna Jo McDaniel, we conclude Appellant's issue merits no relief. The trial court opinion fully addresses and resolves Appellant's issue. (*See* Trial Court Opinion, filed November 1, 2017, at 3-5) (finding: Commonwealth presented evidence that in late evening hours of 5/27/15, Victim and his girlfriend were walking home when 3 men approached them and demanded girlfriend's purse; tallest perpetrator punched Victim, who fell straight backwards, hit his head on pavement, and died 59 days later from sustained injuries; Appellant's cohorts testified against Appellant at trial; cohorts' agreements with Commonwealth did not render their testimony "so unreliable or contradictory" that resulting verdict was "pure conjecture," particularly where surveillance video evidence corroborated their testimony; Victim's girlfriend also corroborated cohorts' testimony that Appellant threw fatal punches; Victim's girlfriend described man who threw fatal punches as tallest of perpetrators; jury had opportunity to assess and compare height of Appellant and his cohorts at trial and on surveillance video; co-defendant Moran's initial identification of someone else as third perpetrator, although quickly disproved at trial, was understandable, given his reluctance to implicate Appellant, due to Mr. Moran's "significant personal safety concerns"; jury was free to credit trial testimony; verdict was not against weight of evidence). The record

supports the court's decision to reject Appellant's challenge to the weight of the evidence, and we see no reason to disturb that decision. ***See Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (stating: where trial court has ruled on weight claim, appellate court's role is limited to whether trial court palpably abused its discretion in ruling on weight claim). Accordingly, we affirm based on the trial court's opinion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2018